# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**IN RE CHRISTINA TRANEIL TAYLOR**

CIVIL ACTION

No. 12-1908

SECTION "E"

## ORDER AND REASONS

Before the Court is appellant Christina Taylor's ("Taylor") appeal[1] from the United States Bankruptcy Court for the Eastern District of Louisiana ("the Bankruptcy Court"). Taylor is appealing a May 16, 2012 order in which the Bankruptcy Court denied Taylor's April 23, 2012 amended motion to reopen her case in that court. For the reasons set forth below, the Court remands this action for further explanation of the reasoning behind the May 16, 2012 order.

## BACKGROUND

On May 4, 2011, Taylor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.[2] In completing Schedule F of that petition, Taylor listed a number of creditors holding unsecured nonpriority claims.[3] The third creditor listed on Taylor's Schedule F is "First Consumers Finance," with an address listed as 211 Capitol Street, Denham Springs, LA 70726."[4] Taylor listed her debt to this creditor as approximately $9,000. On August 5, 2011, Taylor's debts were discharged under 11 U.S.C.

---

[1] *See* R. Doc. 1 (Notice of appeal); R. Doc. 3 (Taylor's appellant's brief).

[2] 2:11-bk-11453, R. Doc. 1.

[3] 2:11-bk-11453, R. Doc. 12 at p. 11-13.

[4] *Id.*

1

§ 727.[5] The case was closed shortly thereafter.

On February 13, 2012, Taylor filed a "Motion to Reopen Case" in the Bankruptcy Court.[6] In this motion, Taylor argued that she erroneously listed First Consumers Finance on her Schedule F when she meant to list First Consumers Financial, LLC ("First Consumers Financial"), the creditor to whom she actually owed the $9,000.[7] She went on to explain that, because First Consumers Financial takes the position her debt was not discharged, First Consumers Financial continued to garnish her wages throughout the bankruptcy proceeding and after.[8] In her prayer for relief in the motion filed in February, Taylor requested that her case be reopened "for the limited purpose of avoiding the judicial lien of First Consumer Financial."[9] First Consumers Financial opposed the motion to reopen, explaining that it is not affiliated with First Consumers Finance[10] and did not receive timely notice of Taylor's bankruptcy,[11] and thus that her debt to First Consumers Financial was never properly discharged.[12] After a hearing on March 7, 2012,[13] the

---

[5] 2:11-bk-11453, R. Doc. 16.

[6] 2:11-bk-11453, R. Doc. 18.

[7] 2:11-bk-11453, R. Doc. 18.

[8] *Id.*

[9] *Id.*

[10] First Consumers Financial is located at 14580 Florida Blvd., Baton Rouge, LA 70819. *See* 2:11-bk-11453, R. Doc. 23 at p. 2.

[11] Counsel for First Consumers Financial explained in opposition to the motion to reopen that he first learned of Taylor's bankruptcy on August 21, 2011, after Taylor's bankruptcy case was closed. *See* 2:11-bk-11453, R. Doc. 23 at p. 2.

[12] 2:11-bk-11453, R. Doc. 23.

[13] *See* 2:11-bk-11453, R. Doc. 49 (Transcript from March 7, 2012 hearing).

Bankruptcy Court, apparently agreeing that Taylor's failure to list the correct creditor on her Schedule F meant she could not discharge her debt against the unnamed creditor, entered an order denying Taylor's motion to reopen on March 12, 2012.[14] Taylor then filed a notice of appeal of the March 12, 2012 order,[15] but voluntarily dismissed her appeal[16] in favor of filing an "Amended Motion to Reopen Case."[17] Taylor's amended motion to reopen was similar to her first motion to reopen, but requested different relief.[18] In this amended motion to reopen, Taylor prayed that her case be reopened so she could file an "adversarial complaint to determine dischargeability."[19] After a hearing on May 16, 2012,[20] the Bankruptcy Court denied Taylor's amended motion to reopen that same day.[21] Taylor subsequently filed this appeal. Taylor's appellant's brief was filed on August 7, 2012.[22] First Consumers Financial's appellee's brief was filed on August 20, 2012.[23] Taylor's appellant's reply brief was filed on September 4, 2012.[24]

---

[14] 2:11-bk-11453, R. Doc. 24.

[15] 2:11-bk-11453, R. Doc. 26.

[16] 2:11-bk-11453, R. Doc. 29.

[17] 2:11-bk-11453, R. Doc. 32.

[18] *Id*.

[19] *Id*.

[20] 2:11-bk-11453, R. Doc. 50 (Transcript from May 16, 2012 oral argument).

[21] 2:11-bk-11453, R. Doc. 39.

[22] R. Doc. 3.

[23] R. Doc. 6.

[24] R. Doc. 7.

## ANALYSIS

The Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a)(1), which authorizes appellate review of final orders, judgments and decrees of a United States Bankruptcy Court entered consistent with 28 U.S.C. § 157. 28 U.S.C. § 158(a)(1). The standard of review applicable to this bankruptcy appeal is identical to the standard of review employed by a court of appeal reviewing a district court proceeding. *See* 28 U.S.C. § 158(c)(2); *see also In re Nat'l Gypsum Co.*, 208 F.3d 498, 504 (5th Cir. 2000). As a result, this Court reviews the Bankruptcy Court's conclusions of law *de novo*, its findings of fact for clear error, and any mixed questions of law and fact *de novo*. *In re Nat'l Gypsum*, 208 F.3d at 504. Only upon a "definite and firm" conviction that the Bankruptcy Court erred will this Court reverse the factual findings of the Bankruptcy Court. *See In re Quinlivan*, 434 F.3d 314, 318 (5th Cir. 2005) (citing *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985)). When sitting as an appellate court, a district court "may affirm, modify or reverse a bankruptcy court's judgment, order or decree or remand with instructions for further proceedings." Bankr. R. 8013. When an appellate court has "no notion of the basis for a [lower] court's decision because its reasoning is vague or simply left unsaid, there is little opportunity for effective review." *Liberty Mut. Ins. Co. v. Brown*, 86 F. App'x 718, 719 (5th Cir. 2004) (unpublished) (citing *McInrow v. Harris Cnty.*, 878 F.2d 835, 836 (5th Cir. 1989)). In such cases, the appellate has "not hesitated to remand the case for an illumination of the court's analysis through some formal or informal statement of reasons." *Id.* (citing *Myers v. Gulf Oil Corp.*, 731 F.2d 281, 284 (5th Cir. 1984); *see also Thule Drilling ASA v. Schimberg*, 290 F. App'x 745, 747 (5th Cir. 2008) (unpublished) (remand appropriate where the appellate court was "uncertain about the rationale for the

[lower] court's decision")).

Pursuant to 11 U.S.C. § 523(a)(3), a debtor lists her debts in conjunction with a bankruptcy petition in order to give her creditors an opportunity to file a request for a determination of non-dischargeability of those debts. 11 U.S.C. § 523(a)(3); *see also* 11 U.S.C. § 727(a)-(b) (providing mechanism for discharge of properly scheduled debts). Failure to timely list or schedule a debt generally means the debt is not dischargeable through bankruptcy, unless it is determined that the creditor had "notice or actual knowledge" of the bankruptcy case such that the creditor could participate in a timely fashion. *See In re Kenvadis*, 249 F.3d 383, 386 (5th Cir. 2001). 11 U.S.C. § 523(a)(3) is to be "construed with an eye toward the equitable principles which underlie the bankruptcy law." *In re Stone*, 10 F.3d 285, 290 (5th Cir. 1994). A court considering whether a debtor's failure to timely list a creditor will prevent the discharge of the unscheduled debt must examine three factors: "(1) the reasons the debtor failed to list the creditor, (2) the amount of disruption which would likely occur, and (3) any prejudice suffered by the listed creditors and the unlisted creditor in question." *Id.* (citing *Robinson v. Mann*, 339 F.2d 547, 549-550 (5th Cir. 1964)).

Based on the available record, the Court cannot determine whether the Bankruptcy Court considered these *Stone/Robinson* factors in denying Taylor's amended motion to reopen, whether the Bankruptcy Court's decision was based on procedural irregularities with that amended motion to reopen,[25] or whether that decision was based on some

---

[25] In its appellee's brief, First Consumers Financial argues that Taylor's appeal is untimely under Bankruptcy Rule 8002, which provides that a notice of appeal must be filed within 14 days of the entry of the order appealed from. *See* R. Doc. 6 at pp. 9-10. First Consumers Financial argues that the instant appeal is not really an appeal of the May 16, 2012 order, but actually an appeal of the March 12, 2012 order, and thus Taylor's notice of appeal was filed several weeks late. First Consumers Financial

combination of the two, or on something else entirely.  Because the reasoning behind the Bankruptcy Court's legal conclusions in the May 16, 2012 order is unclear, the Court cannot say whether the Bankruptcy Court's legal conclusions were correct and/or whether the Bankruptcy Court's factual findings were clearly erroneous.[26]

## CONCLUSION

Accordingly, **IT IS ORDERED** that this matter be and hereby is **REMANDED** to the United States Bankruptcy Court for the Eastern District of Louisiana for further explanation of the reasoning behind the May 16, 2012 order.

**New Orleans, Louisiana, this  21st  day of February, 2013.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

characterizes the May 16, 2012 order as a denial of a motion for relief under Federal Rule of Civil Procedure 60 from the March 12, 2012 order.  In response, Taylor argues in her appellant's brief, as she did at oral argument in the Bankruptcy Court, that the two motions are substantively different and sought different relief, and thus her most recent notice of appeal was timely.  Because it is remanding this action, the Court need not resolve this issue at this time.

[26] The Court takes this opportunity to note that this is not the first time either Taylor's attorney or First Consumers Financial has encountered this issue.  For example, in *In Re Picou*, No. 04-12494, 2005 WL 4677820, at *1-2 (Bankr. E.D. La. Aug. 10, 2005) (Brown, J.), the debtor inadvertently listed a Portland, Oregon based business called First Consumer Bank as an unsecured creditor instead of the Baton Rouge, Louisiana based First Consumers Financial.  After the debtor's properly scheduled debts were discharged and the case was closed, the debtor's attorney filed a motion to avoid First Consumers Financial's garnishment of the debtor's wages - which garnishment proceeding was instituted prior to the initiation of the bankruptcy proceeding and continued throughout the bankruptcy proceeding and after - and to hold First Consumers Financial in contempt for attempting to collect a debt the debtor claimed had been discharged. *Id.*  The Bankruptcy Court considered the *Stone* court's statement that § 523(a) is to be construed with an eye toward equity and examined the three *Stone/Robinson* factors.  *Id.*, at *2.  After examining these factors and noting that the debtor's failure to schedule her debt to First Consumers Financial did not appear to be intentional and noting the prejudice First Consumers Financial would suffer if it were not allowed to contest the dischargeability of the debtor's debt, the Bankruptcy Court decided not to reopen the debtor's case, but ordered First Consumers Financial to file a complaint objecting to the dischargeability of the debt within a certain period of time.  *Id.*, at *2-3.  This Court takes no position on whether this is the approach the Bankruptcy court should take with respect to this case, but instead points to *In re Picou* as an example of the kind of reasoned decision the Court requires to be able to adequately assess any appeal Taylor may file in the future.